JULIEN T. DAVIES, as Receiver of the Assets of the Firm of Grant & Ward Appellant, *v.* JAMES D. FISH, JOHN H. MORRIS, as Assignee, etc., of JAMES D. FISH and Others.

*Action against an assignee for the benefit of creditors — a creditor of the assignor cannot intervene unless misconduct of the assignee is shown.*

In this action, brought by the plaintiff, as receiver of the assets and effects of Grant & Ward, against John H. Morris, as assignee for the benefit of the creditors of James D. Fish, to recover certain property which the said assignee claimed to hold by virtue of the assignment, an order was made allowing certain creditors of the said Fish to intervene and defend this action.

*Held,* that as no misconduct on the part of the assignee was claimed to exist, the order should be reversed.

*Chandler* v. *Powers* (25 Hun, 445) distinguished.

Appeal from an order of the Special Term allowing certain parties to intervene and defend this action.

*W. B. Hornblower*, for the appellant.

*A. H. Alker* and *G. W. Cotterill*, for the respondents.

Per Curiam:

This was an action brought by the plaintiff, as receiver of the assets and effects of Grant & Ward, against John H. Morris, as assignee for the benefit of the creditors of James D. Fish, to recover certain property which the said assignee claimed to hold by virtue of the assignment to him.

The petitioners were creditors of James D. Fish, and seek to intervene and defend this action upon the ground that their rights, as creditors of James D. Fish, might be affected by the result of this litigation. The learned court below granted this application, and from the order thereupon entered this appeal is taken. The granting of the order was, at best, a matter of discretion, and such discretion should not have been exercised unless some misconduct upon the part of the assignee was shown. In the case at bar no such claim is made. The case of *Chandler* v. *Powers* (25 Hun, 445), which is cited to support this application, was not analogous. In the latter case the validity of the assignment itself was directly attacked, and the preferred creditors were allowed to come in and

defend upon the ground that their rights under the assignment were directly involved.

In the case at bar the action is simply to recover certain property in the hands of the assignee and claimed by the plaintiff. If the petitioners have the right to intervene in such a case, then every creditor has a right to be made a party whenever an action is brought to enforce a claim against the assignee of an estate. This rule cannot prevail, because actions of that kind cannot be incumbered by any number of defendants who may seek to intervene, under these circumstances, without there being something to show dereliction of duty upon the part of the assignee.

The order appealed from should be reversed, with costs and disbursements.

Present — VAN BRUNT, P. J.; and MACOMBER, J.

Order reversed, with costs and disbursements.